# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL A. WILLIAMSON, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>RECON TRUST COMPANY, N.A., and BAC HOME LOANS SERVICING, LP, <br><br>　　　　Defendants. | Case No. 2:CV 10-613-BLW <br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to remand filed by plaintiff Williamson, and a motion to dismiss filed by defendants. The Court heard oral argument on the motions on March 8, 2011. At the conclusion of that argument, the Court ruled from the bench, denying the motion to remand, and granting conditionally the motion to dismiss, directing that the case would be dismissed unless Williamson filed an amended complaint on or before April 11, 2011. The Court's reasoning is set forth below.

## LITIGATION BACKGROUND

On November 28, 2005, Plaintiff Daniel Williamson refinanced property he owned, located at 419 Main Street in Kellogg, Idaho. *Complaint*, Dkt. 1-1, ¶¶ 1-6. Mr. Williamson signed a fixed rate note, secured by a deed of trust, for a loan from America's

Wholesale Lender. *Id*. at ¶ 7. Fidelity National Title Insurance Company was listed as the trustee of the deed of trust at the time the promissory note was signed. *Deed of Trust*, Dkt. 1-1, Ex. B. In 2010, Williamson encountered financial troubles and fell behind in his payments. *Id*. at ¶ 9.

The defendants in this case are Recon Trust Company and BAC Home Loans Servicing. At some unknown time subsequent to Williamson signing the note and deed of trust, Recon Trust became the trustee of the deed of trust. Recon Trust sent Williamson a notice of default and notice of trustee's sale, to be conducted on December 13, 2010. *Id*. at ¶¶ 10-11.

On September 24, 2010, Williamson made what he alleges was a valid Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(1), and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. *Id*. at ¶ 12. In response, the defendants provided Williamson with a copy of the deed of trust, loan payment history, and payoff demand statement. *Id*. at ¶ 13.

Williamson filed a Complaint in Shoshone County court on November 1, 2010. The Complaint asserts three causes of action: (1) declaratory and injunctive relief, (2) quiet title, and (3) damages. The defendants removed the action to this Court on December 13, 2010. *Notice of Removal*, Dkt. 1. The defendants moved to dismiss the Complaint on December 27, 2010. *Motion to Dismiss*, Dkt. 6. Williamson moved to remand the matter to state court on January 12, 2011. *Motion to Remand*, Dkt. 8.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether a plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

## ANALYSIS

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy of *Harris v Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

**Motion to Remand**

In the notice of removal, the defendants assert that this Court has original jurisdiction under 28 U.S.C. § 1331 because Williamson's Complaint alleges, *inter alia*, a failure to comply with the Real Estate Settlement Procedures Act and the Truth in Lending Act, *Complaint*, Dkt. 1-1, ¶ 12, an intentional and express violation of the Real Estate Settlement Procedures Act related to the trustee's sale, *id.* at ¶ 24, unfair and deceptive commercial practices in violation of 12 U.S.C. § 2605, *id.* at ¶ 33, and damages pursuant to 12 U.S.C. § 2605(f), *id.* at ¶ 35. Removal is appropriate once original jurisdiction is established. 28 U.S.C. § 1441. Supplemental jurisdiction over state law claims arising from the same case or controversy is also appropriate. 28 U.S.C. § 1367. Williamson argues that his Complaint asserts only state law causes of action and remand to the state court is thus appropriate.

The Court disagrees. The Complaint clearly alleges the violation of federal laws, and hence the removal was proper. The motion to remand will be denied.

**Motion to Dismiss**

The defendants argue that dismissal of the Complaint is appropriate because Williamson has failed to state a claim upon which relief may be granted. Williamson asserts three causes of action: (1) declaratory and injunctive relief, (2) quiet title, and (3) damages. These causes of action are based on allegations that (1) the defendants failed to comply with Mr. Williamson's QWR as mandated by the Real Estate Settlement Procedures Act and the Truth in Lending Act, (2) Recon Trust is not a lawful trustee of

the deed of trust, (3) the defendants lack lawful authority to foreclose on the property secured by the deed of trust, (4) the defendants have failed to demonstrate that they suffered damages, and (5) the defendants have engaged in unfair and deceptive trade practices.

**QWR Claim**

Pursuant to 12 U.S.C. § 2605(e)(2), a loan servicer has sixty days to respond to a QWR. Williamson sent his QWR on September 24, 2010, and filed his Complaint on November 1, 2010. A Complaint fails to state a claim based on violation of a statute when the response period has failed to pass. *See Delino v. Platinum Community Bank*, 628 F.Supp. 2d 1226, 1232 (S.D. Cal. 2009); *Graves v. Downey Sav. and Loan Assoc.*, 2009 WL 3335335, *5 (N.D. Cal. 2009). Moreover, Williamson failed to allege that either of the named defendants is the servicer of his loan. Only the servicer of a loan is required to respond to a QWR; thus failing to allege that a named defendant is the actual loan servicer is fatal to a Complaint. *See Hawkins v. Homecoming Financial, LLC*, 2010 WL 546372 *3 (C.D. Cal. 2010).

The Court will give Williamson until April 11, 2011, to amend this claim.

**Recon Trust as Lawful Trustee/Lawful Authority to Foreclose**

Based on Williamson's brief, this appears to be his central claim. His brief alleges that Recon Trust is not a lawful trustee of the deed of trust securing his promissory note, and thus lacks standing to initiate foreclosure proceedings thereon. It is undisputed that Fidelity National Title Insurance Company started out as the trustee of the deed of trust,

and that Recon Trust asserts to be the current trustee. Williamson alleges in his brief that this transfer was unlawful, but the Complaint contains no detailed factual allegations to support this conclusion. The Court need not accept as true Williamson's purely legal conclusion that Recon Trust is not the lawful trustee of the deed of trust. *Iqbal*, 129 S. Ct. at 1949.

Once again, the Court will give Williamson until April 11, 2011, to amend this claim to allege sufficient detail.

**Damages as a Foreclosure Requirement**

Williamson asserts that the defendants may not foreclose on his property because they have not suffered an actual or threatened injury as required under Idaho law. *Complaint*, Dkt. 1-1, ¶ 16. Williamson's claim fails because he cites no law or precedent in support of this assertion. I.C. § 45-1505 lists the requirements to initiate a foreclosure of a trust deed, and damages suffered by the trustee are not necessary.

The Court will give Williamson until April 11, 2011, to amend this claim.

**Unfair Trade/Deceptive Practices**

Williamson alleges that the Defendants engaged in unfair and deceptive business practices, in violation of I.C. § 48-603 and 12 U.S.C. § 2605. Both of these claims are based on the same theory discussed earlier that Recon Trust is an unlawful trustee attempting to foreclose without the authority to do so. The Complaint is again completely devoid of factual allegations supporting Williamson's asserted legal conclusion, which the Court need not accept as true. *Iqbal*, 129 S. Ct. at 1949.

The Court will give Williamson until April 11, 2011, to amend this claim

**Quiet Title**

Williamson asserts that his right, title, and interest in the property secured by the deed of trust is superior to that of the defendants, and seeks to quiet title pursuant to I.C. § 6-401 et seq. The defendants do not expressly address this claim for relief, beyond the general assertion that Williamson has stated no claims upon which relief may plausibly be granted. This Court has authority to dismiss *sua sponte* a claim under Fed. R. Civ. P. 12(b)(6). *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

This claim is again premised on the theory of Recon Trust being an unlawful trustee lacking the authority to foreclose, and is a legal conclusion unsupported by factual allegations. The Court will give Williamson until April 11, 2011, to amend this claim**.**

## CONCLUSION

The Court has provided guidance as to its reasons for dismissing this case, that should guide counsel in either deciding to amend claims or drop them. Accordingly, the motion to remand shall be denied and the motion to dismiss conditionally granted if Williamson fails to file an amended complaint on or before April 11, 2011. If the amended complaint is not filed by that date, the Court shall dismiss the action without further notice or argument. If an amended complaint is filed by that date, the defendants are free to file motions challenging the amended complaint and the Court shall resolve them after full briefing.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to remand (docket no. 8) is DENIED.

IT IS FURTHER ORDERED, that the motion to dismiss (docket no. 6) is GRANTED CONDITIONALLY, in that this case will be dismissed unless the plaintiff files an amended complaint on or before April 11, 2011. If the amended complaint is not filed by that date, the Court shall enter a final judgment dismissing the case at that time. If an amended complaint is filed by that date, the defendants are free to file motions challenging the amended complaint and the Court shall resolve them after full briefing.

DATED: **March 8, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge