IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL A. WILLIAMSON<br><br>        Plaintiff,<br><br>   v.<br><br>RECON TRUST COMPANY, N.A., and<br>BAC HOME LOANS SERVICING, LP,<br><br>        Defendants. | Case No.  2:CV 10-613-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

The Court has before it plaintiff's motion to remand and defendants' motion to dismiss. The motions are fully briefed and at issue.  For the reasons explained below, the Court will grant the motion to remand, which renders moot the motion to dismiss.

**ANALYSIS**

Plaintiff Williamson filed this action originally in state court on November 1, 2010, to stop the foreclosure of property he owned in Kellogg, Idaho.  Two months later, defendants removed the case to this Court, and then filed a motion to dismiss.  Williamson responded by filing a motion to remand, arguing that the Court lacked subject matter jurisdiction.  The Court denied the motion to remand because Williamson's complaint contained claims based on the violation of federal laws.  The Court granted conditionally the motion to dismiss under *Iqbal*, ruling that the complaint would be dismissed unless Williamson filed an amended complaint by

a certain deadline.  *See Memorandum Decision (Dkt. No. 18).*

Williamson timely filed an amended complaint that dropped all his federal claims and added "John Doe" defendants.  He also filed a motion to remand, arguing that his amended complaint contained no basis for federal jurisdiction.  The defendants responded that Williamson cannot render a removal improper by amending his complaint if federal jurisdiction existed at the time of the removal.  The defendants also filed a second motion to dismiss, arguing that Williamson's amendments suffer from the same flaws as the original complaint and fail to state a claim.

The Court will take up first the motion to remand.

## Motion To Remand

The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."  *Williams v Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006).  However, even if the removal was proper, the Court has the discretion to remand a case once the original basis for federal jurisdiction later disappears.  *Id.* at p. 977 (plaintiff's amendment dismissing only federal claim allows discretionary remand under 28 U.S.C. § 1367(c) if no diversity present).

Here, there is no longer any basis for federal question jurisdiction because Williamson's amended complaint contains no federal claims.  While the parties are diverse, the defendants note that they did not base their notice of removal on diversity because "it is not clear from the four-corners of the complaint that Mr. Williamson is seeking damages in excess of $75,000." *Defendants' Brief (Dkt. No. 27)* at p. 2.

**Memorandum Decision & Order – page 2**

Nevertheless, "once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams*, 471 F.3d at 977. Thus, even if defendants did not base their removal on diversity, the Court is obligated to keep the case – and deny Williamson's motion to remand – if diversity jurisdiction exists. *Id.*

Williamson's amended complaint contains no single prayer for relief that asks for more than $75,000. While there are various prayers for relief scattered through the complaint, it is unclear whether their sum would exceed $75,000. For example, under his unjust enrichment claim, Williamson asks for restitution of the sums he has paid defendant BAC Home Loans, which would come to about $24,000, according to the documents attached to the complaint.[1] In addition, Williamson seeks "an amount greater than $10,000" for slander of his title and for violation of the Idaho Consumer Protection Act, and that this sum be tripled. But even with that, and attorney fees, it is unclear whether the complaint is seeking more than $75,000.

In a removed case, where it is not clear that the complaint seeks the jurisdictional amount, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 401 (9th Cir. 1996)(en banc)(quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) . The defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount. *Id*. at 403.

---

[1] This would be the maximum sum assuming Williamson made every monthly payment of $398.20 for the 59 months between the date of the promissory note (January 2006) and the date he filed suit (November 1, 2010). Obviously, the defendants are asserting that Williamson missed payments during those months, and so the total is lower according to the defendants. But for purposes of this motion only, the Court will assume the maximum figure.

**Memorandum Decision & Order – page 3**

In this case, the defendants have asserted that "this is not a diversity case." *Defendants'*

*Brief, supra*, at p. 2 n.1. Needless to say, the defendants have not submitted facts showing that

Williamson is seeking the jurisdictional amount.

Thus, there is no basis for federal jurisdiction in this case. While the removal was

initially proper because the original complaint contained federal claims, those claims have now

been dropped. These circumstances give the Court the discretion to remand the case under 28

U.S.C. § 1367(c). *See Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997)(en banc). In

considering whether to exercise that discretion, the Court takes into account "values of economy,

convenience, fairness, and comity." *Id*. at 1001. "When the balance of these factors indicates

that a case properly belongs in state court, as when the federal-law claims have dropped out of

the lawsuit in its early stages and only state-law claims remain, the federal court should decline

the exercise of jurisdiction . . . ." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, the federal claims have dropped out early in the case, and only state law claims remain.

No other factors have been presented to the Court showing that a remand would be unfair or

inefficient. For these reasons, the Court will grant the motion to remand.

**Motion to Dismiss**

Because the Court is granting the motion to remand, the Court need not reach the merits

of the motion to dismiss and will declare it moot.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no.

21) is MOOT;

**Memorandum Decision & Order – page 4**

IT IS FURTHER ORDERED, that the motion to remand (docket no. 24) is GRANTED and that this action be remanded to the First Judicial District of the State of Idaho, in and for the County of Shoshone, and the Clerk is directed to take the steps necessary to effectuate that remand.

DATED:  **October 19, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge